# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOHN T. VANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:10-cv-703-WTL-TAB |
| | ) | |
| EDWIN BUSS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Order Directing Dismissal of Action

John T. Vance is an inmate at the Wabash Valley Correctional Facility, a prison operated by the Indiana Department of Correction. Vance alleges that the defendants have violated his constitutional rights. He seeks injunctive relief and damages.

For the reasons explained in this Entry, the action must be **dismissed.**

### I.

The court previously acted on Vance's request to proceed *in forma pauperis* and directed that process be issued to the defendants, who have appeared by counsel. In directing that process be issued to the defendants the court noted that it had not conducted the screening required by 28 U.S.C. § 1915A(b). This Entry represents that screening.

Because Vance is a prisoner, the complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *See Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bissessur v. The Trustees of Indiana University,* 581 F.3d 599, 602 (7th Cir. 2009) (citing *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), and *Bell Atlantic Corp.*).

**II.**

**A.**

The action is brought pursuant to 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

**B.**

Applying the foregoing standards, each of Vance's claims falls short of the constitutional mark.

!   Vance's first claim alleges that the policy of "double celling" prisoners increases the risk of violence in prison and that Vance has been a victim of unreported assaults in violation of the Eighth Amendment. The Eighth Amendment's proscription against the imposition of cruel and unusual punishment provides the constitutional standard for the treatment of convicted offenders such as the plaintiff. *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993). Conditions of confinement may rise to the level of a constitutional violation only if those conditions involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991). The claim of "double celling" fails to state a claim upon which relief can be granted because it lacks factual content allowing the court to draw the reasonable inference that the conditions of his confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992)("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety."). Placing two inmates in a cell is not a denial of a basic human need.

!   In addition, there are no allegations that the defendants personally failed to protect Vance from the unreported assaults he suffered at the hands of other inmates. An Eighth Amendment claim for failure to protect an inmate from violence has two elements: first, that an inmate was incarcerated under conditions posing a "substantial risk of serious harm," and second that a prison official displayed "deliberate indifference" to that risk. *Farmer v. Brennan,* 511 U.S. 825, 834 (1991). A prison official displays deliberate indifference to an inmate's safety when the official "knows of and disregards an excessive risk" to the inmate's safety. Id. at 837. There is no plausible basis in Vance's complaint supporting either of these two necessary elements. A general risk of violence is not enough, for prisons are inherently dangerous places. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005).

!      Vance claims that prisoners are placed in segregation units without due process. However, Vance does not allege that he was placed in segregation without due process, just that he could be. Standing to proceed with this claim requires, *inter alia,* that a plaintiff suffer an injury in fact and that there be "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 103 (1998). Vance lacks standing to assert claims which only impact other inmates. Even if the court could conclude otherwise with respect to Vance's standing to assert this claim, moreover, the possible assignment of an inmate does not implicate the inmate's due process rights. *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests. . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). There can thus be no due process violation alleged through that placement. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"); *see also Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (no federally protected liberty interest in avoiding fabricated disciplinary conviction resulting in 60 days of segregation).

!      Vance claims that defendant Littlejohn obstructed Vance's "right to file grievances." Although there is certainly a process for the filing and resolution of grievances, the failure of prison officials to process grievances in a particular way or to do so leading to a particular result is not actionable as the violation of a federally secured right. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). The grievance procedures--which are now required by 42 U.S.C. § 1997e(a)--did not result in a resolution which was satisfactory to Vance. However, because Vance had no expectation in a particular outcome of his grievances, the claim concerning the handling or mishandling of Vance's administrative grievances is not actionable and is dismissed for failure to state a claim upon which relief can be granted. A viable access-to-the-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court. *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003). Vance does not allege that he was prevented from presenting grievances to a court and the filing of this action shows otherwise.

!      Vance's next claim is that the defendants have deducted 15% of Vance's wages from his prison job in the Maintenance Department and placed them into his offender reentry account in violation of his right to due process pursuant to the Fourteenth Amendment. This claim does not identify the deprivation of a federally protected interest. *Brown v. McBride*, 929 F.Supp. 1132, 1136 (N.D.Ind. 1996) (citing *Hrbek v. Farrier*, 787 F.2d 414 (8th Cir. 1986), and *Woodall v. Partilla*, 581 F. Supp. 1066, 1077 (N.D.Ill. 1984)). "There is no constitutional right to prison wages and any such compensation is by the grace of the state." *Jennings v. Lombardi,* 70

3

F.3d 994, 995 (8th Cir. 1995); *see also Bennett v. Frank*, 395 F.3d 409, 410 (7th Cir. 2005) ("People are not imprisoned for the purpose of enabling them to earn a living. The prison pays for their keep."); *Sigler v. Lowrie,* 404 F.2d 659, 662 (8th Cir. 1968) (holding that no federal right was deprived by warden's withholding of all or any portion of an inmate's earnings until discharge in accordance with Nebraska law).

As the foregoing specific discussions show, each of Vance's claims suffers from the common deficiency that there has been no violation of a federal right identified, and without such a deprivation a viable claim under § 1983 has not been asserted. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

### III.

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994). In this case, the complaint makes reference to constitutional provisions but does not allege a plausible violation of them. Accordingly, the complaint fails to state a claim upon which relief can be granted and dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

Without a viable complaint, Vance's motion for injunctive relief (dkt 15) is **denied**. The motion for production of documents (dkt 18) sent to the clerk in violation of Local Rule 26.2 is likewise **denied** and is of **no effect**.

**IT IS SO ORDERED.**

Date: 08/11/2010
_____

_William T Lawrence_
_____

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana